IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATHANIEL ROBERT RANDOLPH,

    *Petitioner,*

v.

BRENDA L. TRITT, *et. al.*,

    *Respondents.*

CIVIL ACTION
NO. 15-5867

## ORDER

**AND NOW**, this 1st day of June, 2016, upon careful and independent consideration of the petition for a Writ of *Habeas Corpus* (ECF Nos. 1, 4), the Report and Recommendation of United States Magistrate Judge David R. Strawbridge (ECF No. 9) and Petitioner's Untimely Objections[1] (ECF No. 11), it is **ORDERED** that:

1. Petitioner's objections are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. The petition for a Writ of *Habeas Corpus* is **DISMISSED**;

---

[1] Local Rule of Civil Procedure 72.1(IV)(b) provides that a party may object to a magistrate judge's report "within fourteen (14) days after being served with a copy thereof." Magistrate Judge Strawbridge filed his Report and Recommendation (R & R) on January 7, 2016. (ECF No. 9.) Copies were sent to all parties the same day, rendering any objections due by January 21, 2016. (ECF No. 10.) Even though the fourteen day period to file objections ended on January 21, 2016, Petitioner had an additional three days to file his objections pursuant to Federal Rule of Civil Procedure 6(d) because the Clerk of Court served the R & R upon him by mail. *See, e.g.*, *Neiman v. Astrue*, No. 09-cv-4472, 2011 WL 816779, at *2 (E.D. Pa. Mar. 8, 2011) (concluding that habeas petitioner was "entitled to an additional three days under Federal Rule of Civil Procedure 6(d) because the R & R was served on him by mail").

While this three day extension rendered Petitioner's objections due on January 24, 2016, he filed them late on February 4, 2016. (ECF No. 11.) When no timely objection is made to a R & R, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b) advisory committee notes; *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, therefore, this Court will review [a] Magistrate Judge['s] . . . Report and Recommendation for 'clear error.'"). No clear error appears on the face of the record. In any event, Petitioner's objections are without merit for the reasons stated in the R & R.

4. There is no probable cause to issue a certificate of appealability;[2] and

5. The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[2]  Petitioner fails to make a substantial showing of the denial of a constitutional right and reasonable jurists would not debate the Court's disposition of his claims. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).